IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

| | | |
|---|---|---|
| PHILLIP McKENZIE, | * | |
| Plaintiff, | * | |
| VS. | * | CASE NO. 4:04-CV-109-1 (CDL) |
| | | 42 U.S.C. § 1983 |
| BRACE LUQUIRE, | * | |
| ROGER ANDERSON, | | |
| RAYMOND CAMPBELL, and | * | |
| ROXANN DANIEL, successor to | | |
| WILLIAM J. SMITH, | * | |
| Defendants. | * | |

## RECOMMENDATION OF DISMISSAL

On August 16, 2004, the Plaintiff filed the current lawsuit pursuant to 42 U.S.C. § 1983. In his complaint, the Plaintiff asks for monetary damages for an alleged illegal incarceration. Before the court is Defendant William J. Smith's Motion to Dismiss, filed on July 7, 2005. Plaintiff filed a Response to the Motion to Dismiss on July 27, 2005.

## LEGAL STANDARDS

For a motion to dismiss to be granted, plaintiff's complaint, which must factually be accepted as true, must evidence that there is no set of facts entitling him to relief. *Executive 100, Inc. v. Martin County*, 922 F.2d 1536, 1539 (11th Cir. 1991); *see also Luckey v. Harris*, 860 F.2d 1012, 1016-17 (11th Cir. 1988) and *Jackam v. Hospital Corp. of Am. Mideast, Ltd.*, 800 F.2d 1577, 1579 (11th Cir. 1986). In such a situation, Rule 12(b)(6) of the *Federal Rules of Civil Procedure* authorizes a court to dismiss a complaint on the basis of a dispositive

issue of law. *Neitzke v. Williams*, 490 U.S. 319, 326, 109 S. Ct. 1827, 1832, 104 L. Ed. 2d 338 (1989). If, as a matter of law, it is clear that no relief could be granted under any facts that could be proved consistent with the allegations, a claim must be dismissed, regardless of whether it is based on an outlandish legal theory or on a close but unavailing one. *Id*. Rule 12(b)(6) does not allow for dismissals based solely on the court's disbelief of a plaintiff's factual allegations. *Id*. *See also Hishon v. King & Spalding*, 467 U.S. 69, 73, 104 S. Ct. 2229, 2232, 81 L. Ed.2d 59 (1984) and *Conley v. Gibson*, 355 U.S. 41, 78 S. Ct. 99, 101-02, 2 L. Ed.2d 80 (1957).

## DISCUSSION

The facts reveal that on May 11, 2001, the Plaintiff was before the Defendant, Superior Court Judge William J. Smith, for a scheduled guilty plea for the offense of a violation of the Georgia Controlled Substances Act and Possession of Marijuana with the Intent to Distribute. In his complaint, the Plaintiff alleges that Senior Superior Court Judge William J. Smith, along with Assistant District Attorney Roger Anderson, Court Reporter Raymond Campbell and his retained counsel, Brace Luquire, conspired to deny Plaintiff of his constitutional right of "access to the court through retaliation to falsely imprison the Plaintiff." (Complaint, p. 6). He states that ADA Anderson recommended a sentence of one year, with six months to be served in custody. (Plaintiff's Response to Defendant's Motion to Dismiss, p. 2). He contends that Defendant Smith rejected the sentence recommendation, stating that he would accept a plea which would sentence Plaintiff to serve two years incaerceration. *Id*. He then alleges that Defendant Smith gave him an opportunity to discuss

the deal with his attorney, Defendant Luquire. *Id.* It was at that time, Plaintiff contends, that his attorney, Roger Anderson, Raymond Campbell and Defendant Judge Smith "had a meeting of the mind to conspire unconstitutionally to deny Plaintiff access to the Court's through 'retaliation' and to falsely imprison the Plaintiff in the state prison system." (Complaint, p. 6). Plaintiff contends that he ultimately rejected the plea deal but was sentenced without entering a guilty plea. *Id.* Plaintiff then filed an application for a Writ of Habeas Corpus in the Superior Court of Calhoun County which was granted on September 9, 2002. As an affirmative defense, Defendant Smith has asserted that he is entitled to absolute judicial immunity as to any claims made against him by the Plaintiff.

## Judicial Immunity

The Eleventh Circuit, in ruling on the issue of judicial immunity has held that "[J]udges are absolutely immune from civil liability under § 1983 for acts performed in their judicial capacity, provided such acts are not done in the clear absence of all jurisdiction." *Roland v. Phillips*, 19 F.3d 552, 555 (11th Cir. 1994) (quoting *Stump v. Sparkman*, 435 U.S. 349 (1978)). The United States Supreme Court, in *Stump v Sparkman,* held that:

> "the necessary inquiry in determining whether a defendant judge is immune from suit is whether at the time he took the challenged action he had jurisdiction over the subject matter before him. Because 'some of the most difficult and embarrassing questions which a judicial officer is called upon to consider and determine relate to his jurisdiction . . . ,' the scope of the judge's jurisdiction must be construed broadly where the issue is the immunity of the judge. A judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority; rather, he will be subject to liability only when he has acted in the 'clear absence

3

of all jurisdiction.'" (internal citations omitted). *Stump v. Sparkman*, 435 U.S. 349, 356 (1978). The Eleventh Circuit has further held that "judges having subject matter jurisdiction of a case are immune from damage actions under § 1983 even where the claims are based on charges of conspiracy in their rulings." *Dykes v. Hosemann,* 776 F.2d 942, 946 (11th Cir.1985) (en banc).

Plaintiff McKenzie argues that Defendant Smith was without jurisdiction to sentence him to a crime for which he alleges he never plead guilty.

The Georgia Court of Appeals has held that O.C.G.A. § 15-6-8 "vests superior courts with exclusive jurisdiction over all felony trials." *Goodrum v. State*, 259 Ga. App. 704, 578 S.E.2d 484 (203). Thus, it is indisputable that Superior Court judges have the authority to accept guilty pleas and sentence criminal defendants. As such, the Plaintiff's contention that Defendant Smith acted outside of his jurisdiction in sentencing him to a term of imprisonment is without merit. Even where the Plaintiff is able to show that the Defendant acted erroneously in sentencing him to two years of incarceration, he is unable to overcome the requirement that the action must have occurred in the absence of any jurisdiction, as required in *Stump.* As was stated *supra*, the United States Supreme Court has held that even where "the action he took was in error, was done maliciously, or was in excess of his authority", a judge will not be deprived of judicial immunity. *See, Stump* at 356.

Based on the facts of the case along with binding case law, the Plaintiff's claims against the Defendant must fail. The Defendant, Judge William J. Smith is, therefore, entitled to judicial immunity for the acts at issue as he, at no time, acted outside the scope of

4

his jurisdiction.

**IT IS THEREFORE RECOMMENDED** that Defendant Smith's Motion to Dismiss be GRANTED. Pursuant to 28 U.S.C. § 636(b)(1), the Plaintiff may file written objections to this recommendation with the United States District Judge, WITHIN TEN (10) DAYS after being served with a copy thereof.

**SO RECOMMENDED**, this 16th day of November, 2005.

S/ G. MALLON FAIRCLOTH
UNITED STATES MAGISTRATE JUDGE